UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Franklin Alizandro Chocon-Gomez, | Case No. 24-CV-2737 (KMM/TNL) |
| Petitioner, | |
| v. | **ORDER** |
| Mark King, Warden, | |
| Respondent. | |

Petitioner Franklin Alizandro Chocon-Gomez is a federal prisoner serving a term of imprisonment. Chocon alleges that the Federal Bureau of Prisons ("BOP") previously determined that he was eligible to earn time credits under the First Step Act of 2018 ("the FSA"). Under 18 U.S.C. § 3632(4(E)(i), however, "[a] prisoner is ineligible to apply time credits under [the FSA] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." The Department of Homeland Security informed the BOP in June that Chocon was subject to a final order of removal and asked that the BOP inform the Department upon Chocon's release so that Chocon could be detained awaiting his removal. *See* Pet. Ex. at 1 [ECF No. 1-1].

The BOP, in turn, took away Chocon's time credits. If the BOP had not taken away Chocon's time credits, then his term of imprisonment would already have concluded. The time credits having been removed, Chocon is scheduled to remain in prison for another year.

1

This should be an easy case. If Chocon is subject to a final order of removal, then the BOP is forbidden under the FSA to apply time credits towards his release. But if Chocon is not subject to a final order of removal, then the BOP had no readily apparent basis upon which to have rescinded Chocon's time credits. Accordingly, the government will be directed below to answer Chocon's petition for a writ of habeas corpus, and in so answering, should provide documentary evidence that Chocon is subject to a final order of removal (if that is in fact true).

Finally, Chocon asks that this matter be expedited to account for the urgency of his request. *See* ECF No. 3. This Court agrees that an expedited briefing schedule is appropriate. Chocon was informed only days before his previously anticipated release date that he would not be leaving prison, and there is nothing that Chocon could have done to have prevented this matter from becoming urgent. Moreover, this should not be a difficult case to brief and argue. Chocon either is subject to a final order of removal or he is not.[1] The Court asks that the government clear this up as quickly as possible.

IT IS HEREBY ORDERED THAT:

1. Respondent is directed to file an answer to the petition for a writ of habeas corpus of petitioner Franklin Alizandro Chocon-Gomez within 7 days of this order certifying the true cause and proper duration of Chocon's

---

[1] Note that this Court lacks jurisdiction to review the legality of any final order of removal. *See* 8 U.S.C. § 1252(g). Chacon cannot argue in this proceeding that he *should* not have been made subject to a final order of removal; he can argue that he *has* not been made subject to such an order.

      confinement and showing cause why the writ should not be granted in this case.

2. Respondent's answer should include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Chocon's detention in light of the issues raised in the habeas petition;

    b. A reasoned memorandum of law and fact explaining respondent's legal position on Chocon's claims; and

    c. Respondent's recommendation on whether an evidentiary hearing should be conducted.

3. If Chacon intends to file a reply to respondent's answer, Chacon must do so within 7 days of the date when the answer is filed. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

4. Chacon must pay the $5.00 filing fee for this proceeding or apply for *in forma pauperis* status within 14 days of the date of this order.

5. Chacon's motion to expedite [ECF No. 3] is GRANTED, consistent with the briefing schedule established above.

Dated: July 23, 2024            *s/ Tony N. Leung*

                                              _____
                                              Tony N. Leung
                                              United States Magistrate Judge