UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Franklin Alizandro Chocon-Gomez, | No. 24-cv-2737 (KMM/TNL) |
| Petitioner, | |
| v. | **ORDER** |
| Mark King, Warden, | |
| Defendant. | |

This matter is before the Court for review of the Report and Recommendation ("R&R") issued by United States Magistrate Judge Tony N. Leung. R&R (Doc. 16). Judge Leung recommends that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Franklin Alizandro Chocon-Gomez be denied. Mr. Chocon-Gomez filed timely objections to the R&R, Pet'r's Objection (Doc. 21),[1] so the Court reviews the matter de novo. *United States v. Azure*, 539 F.3d 904, 909 (8th Cir. 2008); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

Mr. Chocon-Gomez alleges that he is entitled to application of earned time credits to his sentence under the First Step Act of 2018 ("FSA"), and if the United States Bureau of Prisons ("BOP") applied those credits as required, his prison term would have concluded in July 2024. However, Mr. Chocon-Gomez, a citizen of Guatemala, is subject to a final order of removal from the United States. Pet., Ex. 1 (Doc. 1); Delgado Decl. ¶ 4, Ex. B

---

[1] Mr. Chocon-Gomez filed a motion for leave to file his Objection late (Doc. 22), which is hereby granted. The Court, therefore, considers his Objections to be timely filed.

(Doc. 10). Under 18 U.S.C. § 3632(d)(4)(E)(i), "[a] prisoner is ineligible to apply time credits under [the FSA] if the prisoner is subject to a final order of removal under any provision of the immigration laws." Because he is ineligible to apply for earned time credits under the FSA, Mr. Chocon-Gomez's projected release date is in early July 2025. Delgado Decl., Ex. A at 1.

Having reviewed the R&R, Mr. Chocon-Gomez's Objections to the R&R, the habeas petition, and the other materials in the record, the Court agrees with Judge Leung's analysis and concludes that Mr. Chocon-Gomez is not eligible to apply earned time credits under the FSA for early release because he is subject to a final order of removal. Section 3632(d)(4)(E)(i) plainly precludes the relief that Mr. Chocon-Gomez seeks. Courts analyzing similar claims have reached the same conclusion. *Balleza v. King*, No. 24-cv-160 (NEB/LIB), 2024 WL 4394219, at *3 (D. Minn. Aug. 9, 2024), *report and recommendation adopted,* No. 24-CV-160 (NEB/LIB), 2024 WL 4392477 (D. Minn. Oct. 3, 2024); *Jenkins v. Segal*, No. 23-cv-425 (WMW/DTS), 2023 LW 7131024, at *2 (D. Minn. Oct. 30, 2023), *aff'd*, No. 23-3550, 2023 WL 11692933 (8th Cir. Dec. 1, 2023); *Quiceno v. Segal*, No. 23-cv-358 (NEB/DJF), 2023 WL 3855295, at *3 (D. Minn. Apr. 21, 2023), *report and recommendation adopted sub nom.,* No. 23-cv-358 (NEB/DJF), 2023 WL 3853433 (D. Minn. June 6, 2023).

The Court also agrees with Judge Leung's conclusion that Mr. Chocon-Gomez cannot challenge the legality of his final order of removal through this habeas proceeding. This Court lacks jurisdiction to adjudicate a challenge to the validity of a final order of

2

removal, and only the appropriate court of appeals may consider such claims. *See, e.g.*, 8 U.S.C. § 1252(a)(5); *Tostado v. Carlson*, 481 F.3d 1012, 1014 (8th Cir. 2007).

In his Objections to the R&R, Mr. Chocon-Gomez raises several arguments, but none persuades the Court that he is eligible to have earned time credits under the FSA applied to his sentence. First, Mr. Chocon-Gomez argues that until this proceeding was under way, the only document he had ever been provided concerning his removal status was a detainer, and he did not receive a copy of the final order of removal until July 30, 2024. He argues that there is a dispute about when his final order of removal became effective—it was either (1) "July 2016," which was the date reflected on a document entitled "Determination of Inadmissibility"; or (2) "July 2024," when he was personally served with that document. Objections at 1–2; *see also id.* at 4 ("Because the times of the effectiveness of the late served inadmissibility determination was very relevant to the temporal question here, Circuit precedent called for an evidentiary hearing."). Essentially, Mr. Chocon-Gomez contends that if he is correct that the final order of removal did not become effective until July 30, 2024, when it was personally served on him, then the BOP acted unlawfully in refusing to apply his earned time credits at a time when no "effective" notice of removal existed, thus entitling him to release before the BOP ever filed a copy of the removal order in this case. *Id.* at 5.

The Court disagrees for two reasons. First, the factual premise of Mr. Chocon-Gomez's argument—that the final order of removal did not become effective until July 30, 2024 when it was served upon him—is flawed. The record reflects that the date of Mr. Chocon-Gomez's offense was June 13, 2016, and he was sentenced in the United

3

States District Court for the Middle District of Florida on February 9, 2017. Delgado Decl., Ex. A at 2. An immigration detainer was filed in his criminal case on July 13, 2016. *United States v. Chocon Gomez et al.*, No. 8:16-cr-0285-VMC-J, Dkt. 13 (M.D. Fla July 13, 2016). The "Determination of Inadmissibility" shows that an immigration official found Mr. Chocon-Gomez was inadmissible on July 18, 2016, shortly after that detainer was filed. Delgado Decl., Ex. B. Mr. Chocon-Gomez was deemed inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of a valid unexpired visa, reentry permit, border crossing card, or other valid entry document. Delgado Decl., Ex. B at 1 (citing INA section 2012(a)(7)(A)(i)(I)). When an immigration officer determines that an alien is inadmissible under § 1182(a)(7), "the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). And the final Order of Removal indicates that an immigration officer ordered Mr. Chocon-Gomez removed from the United States pursuant to 8 U.S.C. § 1225(b)(1) of the Act on July 18, 2016. Delgado Decl., Ex. B at 1–2. This demonstrates that Mr. Chocon-Gomez was subject to a final order of removal on July 18, 2016. Accordingly, the final order of removal was effective long before it was personally served upon Mr. Chocon-Gomez.

This record confirms the correctness of Judge Leung's determination that Mr. Chocon-Gomez's "immigration status is not unresolved." R&R at 3. It is true, as Judge Leung recognized, that the BOP changed its FSA policy to reflect that only those prisoners who were subject to final orders of removal are ineligible to have FSA time credits applied

4

to their sentences, while those whose immigration status is not resolved or who only have detainers may still benefit from the time credits. *Id.* at 3 n.1; *see also Alatorre v. Derr*, No. 22-cv-00516 JMS-WRP, 2023 WL 2599546, at *4–5 (D. Haw. Mar. 22, 2023) (describing history leading to BOP Change Notice 5410.01 after district courts granted habeas relief to federal prisoners pursuant to the FSA where their immigration status was unresolved). However, as explained above, there is no merit to the suggestion that Mr. Chocon-Gomez's immigration status was unresolved during the pendency of this case, or that it is unresolved now.

Second, even if Mr. Chocon-Gomez had *earned* time credits under the FSA by completing evidence-based recidivism reduction courses and those credits accrued prior to the effective date of his deportation order, unfortunately he would still not be eligible to have those credits *applied* to shorten his sentence. Section 3632(d)(4)(E)(i) clearly and unambiguously makes a prisoner who is subject to a final order of removal ineligible to have time credits applied to their sentence regardless of when the removal order became final. *Jenkins*, 2023 WL 7131024, at *1–2 ("While [time credits] are earned gradually over the course of a prisoner's incarceration, they are only applied once, at the time when the earned credits are equal to the time remaining in a prisoner's sentence. . . . Despite Jenkins's earning TCs prior to the issuance of her deportation order, that she has such an order against her when those [earned time credits] would be applied precludes application of the credits."). Therefore, although Mr. Chocon-Gomez has been under a final order of removal since July 2016, even if his removal order had become final after he earned FSA

time credits, the statute would still make him ineligible to have those credits applied to shorten his sentence.

Next, Mr. Chocon-Gomez appears to argue that the copy of the final order of removal submitted by the Respondent is inauthentic. *See* Objections at 3, 4. The Court finds this argument lacks merit. A BOP official, Jessica Delgado, has attested that Mr. Chocon-Gomez has a final order of deportation and that the copy attached to her declaration as Exhibit B is a true and correct copy of that removal order. Delgado Decl. ¶ 4, Ex. B. As noted above, the documentation plainly shows that an immigration officer determined Mr. Chocon-Gomez to be inadmissible and ordered him removed on July 18, 2016. *Id.* Despite Mr. Chocon-Gomez's insistence to the contrary, this is a sufficient record for the Court to conclude that the copy of the removal order filed by the Respondent in this matter is authentic. *Balleza*, 2024 WL 4394219, at *2 (rejecting challenge to the authenticity of a final order of removal for identical reasons).

Finally, Mr. Chocon-Gomez argues that if the final order of removal was effective in July of 2016, then the BOP was "too late in revoking Chocon's FSA credits 18 days before his scheduled release, costing the taxpayers thousands of dollars, and Chocon's family undue harm[.]" Objections at 5. He suggests that under 18 U.S.C. § 3632(d)(4)(E)(ii), the BOP was required to "ensure an FSA eligibility[] determination be performed 'as soon as practicable.'" *Id.* But Mr. Chocon-Gomez's removal order was final before the FSA was ever enacted, so his ineligibility to have FSA earned time credits applied to his sentence was established from the beginning of the FSA's earned time credits system. In addition, the statutory language cited by Mr. Chocon-Gomez does not apply to

6

his situation. The cited statute provides that the Attorney General "shall ensure" that any noncitizen prisoners "who seek[] to earn time credits are subject to [the removal proceedings] described in . . . 8 U.S.C. § 1228(a) . . . at a date as early as practicable during the prisoner's incarceration." 18 U.S.C. § 3632(d)(4)(E)(ii). "The purpose of § 1228(a) is to provide 'special removal proceedings' for aliens . . . who have been convicted of aggravated felonies . . . and who are detained in a correctional facility without a final order of removal in order to assure the alien's expeditious removal following the end of his incarceration for the underlying sentence." *Sierra v. Jacquez*, No. 2:22-cv-01509-RSL-BAT, 2022 WL 18046701, at *3 (W.D. Wash. Dec. 27, 2022). When a final order of removal is already in place, conducting removal proceedings under § 1228 "would be unnecessary." *Id.* Once again, the finality of Mr. Chocon-Gomez's removal order defeats his argument because the record shows that he was subject to a final order of removal in July of 2016, and there would have been no reason for the BOP to ensure that he was made subject to removal proceedings under 8 U.S.C. § 1228(a), or any other provision of immigration law.

In sum, Mr. Chocon-Gomez has not demonstrated that "[h]e is in custody in violation of the Constitution or laws . . . of the United States," 28 U.S.C. § 2241(c)(3), and the R&R correctly concludes that he is, therefore, not entitled to issuance of a writ of habeas corpus.[2] While the Court is sympathetic to Mr. Chocon-Gomez's frustration and disappointment, the law in this area is clear.

---

[2] The Court also agrees with Judge Leung's conclusion that an evidentiary hearing was unnecessary in this matter. R&R at 4.

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**

1. The Report and Recommendation (Doc. 16) is **ACCEPTED**.

2. Mr. Chocon-Gomez's Objections (Doc. 21) are **OVERRULED**.

3. The Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED**.

4. This matter is **DISMISSED WITH PREJUDICE**.

**Let Judgment be entered accordingly.**

Date: January 24, 2025                               *s/Katherine Menendez*
                                                     Katherine Menendez
                                                     United States District Judge